STATE v. GEORGE THOMPSON.

*Evidence—Arrest of Judgment.*

1. Where the defendant was indicted for setting fire to an outhouse, evidence is competent to show that at the same time an attempt was made to fire a dwelling-house near it, the evidence directly connecting the defendant with the latter attempt.

2. Where the defendant was indicted for burning an outhouse, it is competent to show threats made by him against the son and grandson of the owner of the house.

3. The objection that there is a failure of proof, must be taken before verdict, and cannot be taken on a motion in arrest of judgment.

4. Unquestioned evidence of possession is sufficient proof of ownership in an indictment for arson.

(*State* v. *Rush*, 12 Ired., 382; *State* v. *Gailor*, 71 N. C., 88; *State* v. *Green*, 92 N. C., 779; *Aycock* v. *R. R. Co.*, 89 N. C., 321; cited and approved).

INDICTMENT, tried before *Clark, Judge*, and a jury, at Fall Term, 1886, of ONSLOW Superior Court.

The facts appear in the opinion.

*The Attorney-General,* for the State.
No counsel for the defendant.

SMITH, C. J.   The defendant is charged with setting fire
to and burning an outhouse belonging to Charles Gerock, in
an indictment containing four counts, in two of which it is
simply described as an outhouse, and in the others with the
superadded words, "used as a kitchen." The counts omit
to aver the "intent thereby to injure or defraud," which is
an essential ingredient in the offence created under para-
graph 6, of §985, of *The Code,* but which are rendered un-
necessary by the amendment of 1885, ch. 66, which strikes
out those words.   The defendant was tried and convicted
before the jury, and these exceptions were taken during its
progress, and brought up by the defendant's appeal.

I. The State, after objection made and overruled, was
permitted to show that at the same hour, and on the same
night when the outhouse was burned, the dwelling-house,
some fifteen yards off, was also attempted to be set fire to,
by means of fagots of wood, tied up with a rope belonging
to the defendant, while both buildings had been saturated
in places with kerosene oil.

This evidence was received, as tending to show that the
same person had fired both at the same time.

II. In like manner, after objection, in order to show a
motive, evidence was admitted, of declarations of the defend-
ant, made shortly before, of threats to do injury to the son
and grandson of the occupant of the premises.   It was in
proof that the father, Charles Gerock, and his wife, were old
and decrepit, and lived by themselves, about a half mile from
that son, who had himself several grown sons, and had a
party at his house on that night.   Another son resided still
nearer to his threatened brother's house, and the defendant
lived nearer to that brother.

32*

There was no error in admitting the evidence, which tended, to what extent the jury was to decide, to identify the person who committed the outrage. The circumstances strongly pointed to a single agency, and with the ownership of the rope, with which the kindling materials were bound, to the defendant as the guilty author of both of the firings. The facts proved are parts of one continuing transaction, and are but the development of the conduct of the person by whom the successive acts were done; 1 Whar. Cr. Law, §649. The proof of threats directed against the son and grandson, from their near relationship to the owner of the burned house, was also relevant, though perhaps feeble, in showing general ill-will to the family, and a motive for the act. *State* v. *Rush,* 12 Ired., 382; *State* v. *Gailor,* 71 N. C., 88; *State* v. *Green,* 92 N. C., 779.

The defendant moved in arrest of judgment, for that no proof had been offered of property in the alleged owner of the outhouse, other than possession.

The exception, if properly taken, must be to the failure of the proof introduced to sustain the averment as to the ownership of the outhouse, and this must be on the trial. It is too late after verdict, and never furnishes cause for arresting judgment.

But if the objection had been in apt time, it would have been overruled, because possession unquestioned, is sufficient evidence of property to warrant the verdict. This is ruled in *State* v. *Gailor,* ante; *Aycock* v. *Railroad,* 89 N. C., 321.

It may admit of question, if the facts be as stated in the case, that the house burned was "within the curtilage" and appurtenant to the dwelling-house occupied by the said Charles Gerock as his residence, whether the offence was not in law a capital felony, but the Solicitor has chosen to put his accusation in a milder form, and his humanity leaves no

just grounds of complaint of the charge or of the proof offered in its support.

There is no error, and the judgment must be affirmed.

No error.                                       Affirmed.