STATE v. S. B. JEFFRIES.

*Indictment for Disposing of Mortgaged Property—Intent —Evidence as to Collateral Offence to prove an Offence Charged.*

1. It is only when the transactions are so connected or contemporaneous as to form a continuing action that evidence of a distinct substantive and collateral offence will be admitted to prove the intent with which the offence charged was committed ; hence,

2. On a trial of one charged with unlawfully disposing of an article of personal property covered by a chattel mortgage with intent to defeat the right of the mortgagee, evidence that, five months after the offence was committed, the defendant offered to dispose of another article covered by the same mortgage is inadmissible to prove the intent with which the offence was committed.

INDICTMENT for disposing of mortgaged property, tried before *Starbuck, J.,* and a jury, at Fall Term, of GUILFORD Superior Court. The defendant was convicted and appealed upon the ground stated in the opinion of Associate Justice MONTGOMERY.

*The Attorney General,* for the State.
*Mr. J. T. Morehead,* for defendant (appellant).

MONTGOMERY, J. : The defendant owed J. A. Smith $45 by note and in July, 1894, executed to him a chattel mortgage upon a bicycle, a horse and a wagon. On the first day of October of the same year, he pledged the bicycle to one Morris, in Greensboro, to secure the repayment of $8 which he had borrowed from him at that time. In March, 1895 (five months after he had pledged the bicycle) the defendant offered to sell the wagon to one Hodgin. The defendant was indicted under Section 1089 of *The Code* for disposing of the bicycle with intent to hinder, delay and

defeat the rights of the mortgagee, Smith, and on the trial the State was allowed, after objection made and overruled, to introduce testimony concerning the defendant's offer to sell the wagon, for the purpose of proving his unlawful and corrupt intent in pledging the bicycle.

The court committed error in permitting the introduction of this testimony for that purpose. There are some few exceptions to the almost universal rule of law that evidence of a distinct substantive offence cannot be admitted in support of another offence. One of these exceptions is, when the *quo animo* enters into and forms a necessary part of the imputed offence and proof of a corrupt and unlawful intention is indispensable to establish the guilt of the person charged, testimony of another offence committed by that person, provided it tends to establish such intent, is admissible. When these exceptions are brought into practical operation in criminal trials, however intelligently they may be administered, they are liable to be attended with great injustice to the defendant. It is very difficult for juries to understand clearly the precise purpose for which such testimony is allowed, and more difficult still for them not to be influenced in making up their verdict by the general impression of the testimony, rather than by the particular effect intended for it to have. On this account, in many of the States there are respectable authorities which do not recognize these exceptions.

This Court has, however, decided that such testimony is admissible; but we are not in the least disposed to extend the practice beyond that settled in the decisions. In *State v. Murphy*, 84 N. C., 742, a witness for the State, after objection made and overruled, testified that he was with the prosecutor on the premises of the defendant, who was then on trial and charged with the larceny of a hog, the

STATE v. JEFFRIES.

property of the prosecutor, and heard the prosecutor identify and claim his property which the defendant had confined on his premises with one of the witness'; that the defendant refused to deliver the hog to the prosecutor, for the reason, he said, that some other person would claim it, it being unmarked. The witness further testified that the other hog in the pen was his, and that he then and there claimed it, and demanded its delivery to him. This Court said that there was no error in admitting this testimony, because this "collateral offence" tended to prove the guilty knowledge of the defendant, and the evidence constituted a part of the *res gestæ*. In *State* v. *Thompson*, 97 N. C., 496, the State, after objection made and overruled, was permitted to show that, at the same hour and on the same night when the outhouse was burned, the dwelling house, some 15 yards off, was also attempted to be set fire to by means of fagots of wood tied up with a rope belonging to the defendant, while both buildings had been saturated with kerosene oil. In this Court the ruling of his Honor was sustained on the ground (1) that the testimony tended to identify the person who burned the outhouse, and (2) because it showed that the burning of the outhouse and the attempt to burn the dwelling house, both on the same night, were parts of one continuing transaction.

In the case before us, the transaction about which the witness was allowed to testify took place five months after the offence with which the defendant is charged was alleged to have been committed. We think that, after the lapse of so considerable a time, no presumption of the defendant's unlawful and corrupt intent in disposing of the bicycle can be raised. Such testimony about a transaction so far removed in point of time from the date of the alleged offence for which the defendant is indicted has no

tendency to prove his guilt. If such testimony be admissible to prove such intent, the "collateral offence" ought to be proved must be confined to a time before, or just about the time, the offence charged against the defendant is alleged to have been committed.

We have considered this case as if the defendant had sold and disposed of the wagon. Such is not the fact. The case shows that the sale was not consummated, and the wagon was afterwards delivered to the mortgagee, who sold it and applied the proceeds as a credit on his debt against the defendant. There is error.

New Trial.