STATE v. J. J. FRAZIER.

*Indictment for Larceny—Evidence—Incompetent Testimony.*

1. It is a rule of evidence, subject to but few exceptions, that evidence of a distinct substantive offence cannot be admitted in support of another offence.
2. In the trial of an indictment for larceny of money given to the prosecutrix by defendant, it was error to admit evidence that defendant had seduced her under a promise of marriage, such evidence not showing that defendant had been compelled to give her the money on account of the seduction, or that he gave it to her grudgingly or unwillingly. Nor in such case was evidence admissible as to defendant's inability (he being a married man) to make good his promise of marriage.

INDICTMENT for larceny of $111 from the prosecutrix, tried before *Meares, J.*, at June Term, 1895, of the Circuit Criminal Court for MECKLENBURG County.

On the trial it appeared that defendant had given to the prosecutrix $125 about three weeks before the alleged larceny. The prosecutrix was allowed (under objection of

defendant) to testify that she had been seduced by the defendant under promise that if she became pregnant he would marry her, and that he subsequently refused to marry her because he was a married man.

There was a verdict of guilty, and defendant appealed from the judgment thereon.

*The Attorney General*, for the State.

*Jones & Tillett* and *Clarkson & Duls*, for defendant (appellant).

MONTGOMERY, J.:   This Court, in *State* v. *Jeffries*, 117 N.C., 727, said : " There are some few exceptions to the almost universal rule of law, that evidence of a distinct substantive offence cannot be admitted in support of another offence." The exceptions to the rule are to be found in those cases in which testimony concerning independent offences has been admitted because of the necessity of proving the *quo animo*, or the guilty knowledge of the defendant, and also for purposes of identification of the defendant. We do not see how this case can be taken out of the general rule above stated, on the ground of its falling under any of the exceptions. If the testimony had shown that the defendant had been by compulsion made to pay the $125 which he gave or paid to the prosecutrix, and that he had been compelled to pay it because he had seduced her under a promise of marriage, the testimony might have been admissible both to prove the defendant's knowledge of her possession of the money and the guilty intent in taking it from her—to get back that which he had been compelled to pay for the injury he had done her. It is not necessary to constitute the crime of larceny that the intent should be *lucri causa.* That is generally the motive which influences the thief, but the

larceny is complete if the owner is deprived fraudulently of his property, the taker having a felonious intent to convert it to his own use, whatever application he may afterwards make of it. But the testimony in the case shows no such condition of things. It does not show either that the $125 was paid to the prosecutrix by reason of the defendant's seduction of her, or that he paid it to her grudgingly, or unwillingly, or by compulsion. Under no condition of this case ought the testimony as to the inability of the defendant to make good his promise of marriage to the prosecutrix on account of his being a married man be admitted. That could only prejudice the defendant and throw no light on the transaction.

There was error in the ruling of the court below, for which there must be a new trial.

New Trial.