STATE v. CHARLES L. O'HIGGINS.

(Filed 15 October, 1919.)

1. **Criminal Law—Husband and Wife—Abduction—Elopement—Evidence—Virtue of Wife.**

Testimony of the husband as to the innocence and virtue of his wife, for abducting or eloping with whom the defendant was indicted, under the provisions of Rev., 3360, that she was not a bad woman; that he was "wrapt up in her," and that she was an innocent and virtuous woman, is sufficient to sustain a conviction upon the question of her innocence and virtue since her marriage; and evidence that the defendant had abandoned his motherless children for the purpose, is competent to show his strong infatuation which induced him to elope with another man's wife.

2. **Husband and Wife—Elopement of Wife—Definition.**

Elopement of the wife is her voluntary act in deserting her husband to go away with and cohabit with another man.

CLARK, C. J., concurring, points out the discriminatory feature of the statute.

INDICTMENT, charging defendant with forcible abduction in first count, and elopement with a married woman in the second count, tried before *Stacy, J.,* at May Term, 1919, of CUMBERLAND.

Defendant was convicted on the second count, and from judgment pronounced thereon appealed.

*Attorney-General Manning, Assistant Attorney-General Nash, and Sinclair & Dye for the State.*

*H. McD. Robinson, W. C. Downing, and Robert J. McNeill for defendant.*

STATE *v.* O'HIGGINS.

BROWN, J.   The statute under which the defendant was indicted (Rev., 3360) is as follows: "If any male person shall abduct or elope with the wife of another, he shall be guilty of a felony, and, upon conviction, shall be imprisoned not less than one year nor more than ten years: *Provided,* that the woman, since her marriage, has been an innocent and virtuous woman: *Provided,* that no conviction shall be had upon the unsupported testimony of any such married woman."

The points presented by this appeal may be stated as follows:

(1) Was there any evidence that the eloping wife had been, since her marriage, an innocent and virtuous woman?

(2) Was evidence that the defendant abandoned his two motherless children when he eloped with the woman admissible?

The husband testified that his wife was not a bad woman; that he was "wrapt up in her," and that he knew that his wife was an innocent and virtuous woman.   We think this evidence tends very strongly to establish the virtuous character of the wife by the person who had opportunity to know her better than any one else, and that it was amply sufficient to justify the verdict of the jury.   The evidence that the defendant abandoned his motherless children in order to elope with Mrs. Miller was competent to prove how strong the infatuation was which induced him to leave his own children in a helpless condition in order to elope with another man's wife.

In charging the jury, his Honor placed the matter clearly before them, and we think his definition as to what constitutes elopement is in accord with established authority.   2 Bl. Com., p. 130; Black's Law Dict., p. 418.   These authorities declare an elopement to be the act of the wife, who voluntarily deserts her husband to go away with and cohabit with another man.   This is substantially what the judge told the jury.

No error.

CLARK, C. J., concurs fully in all that is said by *Brown, J.,* in his very clear and terse opinion in this case, and adds:   It is proper that attention should be called to the following anomalous and extraordinary provision in Rev., 3360, under which this indictment is had: *"Provided,* that no conviction shall be had upon the unsupported testimony of any such married woman."   This is without any parallel in the laws of North Carolina, except in the similar provision in Rev., 3354, for "Seduction under promise of marriage," which provides: "The unsupported testimony of the woman shall not be sufficient to convict."   In these two cases the witness summoned by the State steps upon the witness stand branded with the provision of law that the jury shall not believe her, even though, on their oaths, they do believe her, unless some one else swears to the same state of facts.   There is no such provision discredit-

ing the woman when a witness on an indictment for rape or for an assault with intent, yet such provision would not have been more illogical or unjust than this.

Parties to civil actions, and defendants in criminal actions, were formerly disqualified to testify, but, when made competent by statute, there was no such provision branding them as unworthy of belief, as in this case. On the contrary, notwithstanding their interest, the court must tell the jury that if they believe their testimony they must give it the same weight as that of any other witness. Even the unsupported testimony of an accomplice is sufficient to convict for any crime if the jury shall believe him. *S. v. Jones,* 176 N. C., 703; *S. v. Barber,* 113 N. C., 711. A convict is competent and entitled to exactly the same credit as any witness, if believed. Negroes were formerly incompetent, and some other classes of citizens. But now any witness who is competent to testify has the weight to be given to his testimony left entirely to the judgment of the jury, save and except women. There is no class discrimination in the administration of justice permitted, much less required, by our laws, in any other instance.

In these two cases, though the woman is ordinarily the most necessary witness, and goes to the stand at the call of the State, she is branded as unfit to be believed, and the jury are forbidden to give her testimony any weight whatever, unless some one else, of whatever character he may be, possibly a convict, shall testify to the same purport.

It must be an oversight that such class discrimination on the witness stand has been permitted to remain upon our statute book. It is a slur and a brand upon those who know more about the transaction to be investigated than any one else, except the defendant himself, and as to him, his testimony is not only not discredited, but if he is a witness in his own behalf, or offers other witnesses (or even his silence, if he offers no testimony), has such enhanced weight that he must be found not guilty unless the jury shall find him guilty "beyond a reasonable doubt." Why this discrimination in a court of justice between the two sexes when it is absolutely unknown in any other instance or as to any other class under our laws?