## STATE v. JOHN HAYWOOD.

(Filed 19 October, 1921.)

1. **Spirituous Liquor—Intoxicating Liquor—Unlawfully Keeping Liquor for Sale—Evidence—Indictment—Counts.**

   Where the trial is upon an indictment with two counts, one for the unlawful sale of spirituous liquors, and the other for unlawfully keeping it for sale, evidence of the sale to various persons not named in the bill is competent upon the second count.

2. **Appeal and Error—Evidence—Verdict.**

   *Held,* in this action for violating the prohibition law, an exception of defendant relating to the credibility of defendant's witness is untenable, and could not have any possible relation to the verdict of the jury; or were it otherwise, it appears that he received the full benefit thereof in the course of the trial, and this is sufficient.

3. **Witness—General Reputation—Evidence—Spirituous Liquors—Intoxicating Liquors.**

   A defendant in an action for violating the prohibition law may not show the general reputation of a witness who has testified in his favor, under contradictory evidence, by another witness who says he does not know it.

**4. Spirituous Liquor—Intoxicating Liquor—Sales Through Another—Evidence.**

Upon the count in the indictment that the defendant unlawfully kept spirituous liquor for sale, evidence that it was sold by defendant to a certain person through another who went for it and paid the price is competent thereon, though it may not be upon a separate count alleging the unlawful selling of spirituous liquor by the defendant.

**5. Appeal and Error—Objections and Exceptions—Change of Ground of Exception—Different Theories.**

The appellant may not, on appeal, change the ground of his exception taken in the Superior Court, or change his theory of the case in the Supreme Court.

APPEAL by defendant from *Kerr, J.,* at the August Term, 1921, of CUMBERLAND.

This is a criminal action, in which the defendant was charged, in two counts of the indictment, with, first, unlawfully selling liquor to A. T. Cooper, and second, with unlawfully keeping liquor for sale, contrary to the statutes in such cases made and provided. He was convicted on the first two counts for selling and for having liquor for sale, and from the judgment he appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*E. G. Davis and Murray Allen for defendant.*

WALKER, J., after stating the case: There was ample evidence to support the conviction of the defendant, who reserved several exceptions to the rulings of the court upon the evidence.

The first four exceptions were directed to sales made to other persons than A. T. Cooper, the person named in the first count of the indictment, as the particular one to whom the sale was made. This testimony was competent and relevant as applicable to the second count, which charges the keeping of liquor for sale. The allegation therein could hardly be proven in any other way. Sales indiscriminately to any and every person who would buy is evidence, of course, of keeping liquor for sale. The defendant was thereby doing just what any man who is engaged in the forbidden act of keeping liquor for sale would do. He was the proprietor of a "grog shop," one of the great evils intended to be prohibited by the statute as demoralizing to the community and the prolific source of crime, and many other evils.

The testimony offered by defendant, and the subject of his exceptions numbers five and six, were clearly irrelevant. The verdict of the jury could have no possible relation to the credibility of the witness, but

if so, the defendant got the benefit of it, as the witness testified that the verdict was contrary to his testimony in the case.

Exceptions, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, and 19 were to statements by witnesses of prior declarations of another witness while on the stand, which were corroborative of that witness, and was so restricted by the court, or concerning sales of liquor to one Godwin, and this evidence was confined in its application to the second count as to keeping liquor for sale. It was manifestly competent, and very relevant for that purpose.

The exception No. 20 is entirely untenable. Irvin Simmons, a witness for the defendant, had testified substantially in contradiction of the State's witness, A. T. Cooper, as to the purchase of liquor by him from the defendant, and the latter attempted to support him by proving his good character, but this he failed in law to do, as the witness H. M. McKethan, whom he offered for this purpose, did not know Simmons' general reputation, and his Honor correctly held that he had not, therefore, been qualified to testify about it. *S. v. Perkins,* 66 N. C., 126; *S. v. Gee,* 92 N. C., 756.

It can make no difference whether the defendant sold the liquor directly to Cooper, or indirectly through an agent, or "go-between." The one act is just as bad as the other morally and legally. It comes most certainly within the prohibition of the statute. When Cooper stated, "I had another man to go and get it," he was testifying apparently to a fact within his own knowledge—a thing done by himself, and it was competent for him to do so. It was just as illegal for the defendant to sell to the witness's agent for him as to sell directly to the witness. *S. v. Burchfield,* 149 N. C., 537. But the specified ground of objection, upon his motion to strike out the answer above quoted, was that testimony of other sales of liquor by defendant was incompetent, but this, as we have said, is not the law so far as the second count of the indictment is concerned. It is contended by the defendant that this was evidence of a distinct substantive offense, and he cites *S. v. Shuford,* 69 N. C., 486, as an authority directly in point, but it does not apply, as the evidence was not offered on the first count, for the sale, but on the second count, charging that he kept liquor for sale, and as to that count it was competent and admissible. An appellant is confined to the ground of objection to evidence which he first stated. He must abide in the Court of appeal by the ground of objection which was assigned below at the trial and not shift his ground, or change his theory of the case. *Bank v. Pack,* 178 N. C., 388, and cases cited at p. 390. This point of law decided in that case is not stated in the official headnote.

The testimony of Lacy Godwin was competent beyond any question. He was testifying that his father had sent him to defendant to buy liquor

for him, and that he went and actually bought the liquor for his father. One of his answers was: "I went for the liquor twice at my father's request. I never bought it for myself, but for my father." He then stated, "It worked out that I paid him for it, and I did give him money—five dollars—and I got a quart of whiskey." Learned counsel for the defendant contended in his brief that this testimony was prejudicial, and it was, but, nevertheless, was competent.

This is a case where the statute was palpably violated, in any view of the facts, and notwithstanding the very able and ingenious argument of the defendant's counsel, Mr. Davis, we are compelled to declare that no error was committed at the trial.