STATE v. GREENE MILLER.

(Filed 20 May, 1925.)

**Criminal Law—Evidence—Unrelated Offenses—Motive—Identification.**

> While the general rule is that substantive evidence of a separate and distinct criminal offense is inadmissible on the trial of a felony, it is an exception to this rule when the evidence of the former conduct of the defendant on trial tends to establish malice or motive in the instant case, or identify him as the one who committed the felony for which he is being tried.

APPEAL by defendant from *Long, J.,* at September Term, 1924, of WATAUGA.

Criminal prosecution tried upon an indictment charging the defendant with a secret assault in violation of C. S., 4213, and with an assault with a deadly weapon with intent to kill, in violation of C. S., 4214.

From an adverse verdict and judgment pronounced thereon, the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*J. H. Burke, F. A. Linney and W. C. Newland for defendant.*

STACY, C. J.  There was ample evidence to warrant the jury in find-ing, as it did, that the defendant, in a secret manner, maliciously com-mitted an assault with a deadly weapon upon one J. C. Watson by waylaying and with intent to kill, such purpose being unknown to the prosecuting witness.  This, under the statute, C. S., 4213, is denomi-nated a felony.  Watson was shot from ambush between ten and eleven o'clock on the night of 23 April, 1921, while traveling along a public highway in Watauga County.  The evidence also supports the second count in the bill, charging an assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death, in violation of C. S., 4214.  *S. v. Oxendine,* 187 N. C., p. 663.

As bearing on the question of malice and felonious intent, the State was allowed to show that a week or two before the happening of the offenses charged in the bill of indictment, the defendant had been seen about the home of the prosecuting witness; that he had shot at his house and threatened to shoot him.

The defendant stressfully contends that error was committed in per-mitting the State to offer this evidence, over objection, of a separate offense of shooting at the house of the prosecuting witness only a short time prior to the commission of the assaults for which the defendant was then being tried.

It is undoubtedly the general rule of law, with some exceptions, that evidence of a distinct substantive offense is inadmissible to prove another and independent crime, the two being wholly disconnected and in no way related to each other.  *S. v. McCall,* 131 N. C., 798; *S. v. Graham,* 121 N. C., 623; *S. v. Frazier,* 118 N. C., 1257; *S. v. Jeffries,* 117 N. C., 727; *S. v. Shuford,* 69 N. C., 486.  But to this there is the exception, as well established as the rule itself, that proof of the com-mission of other like offenses is competent to show the *quo animo,* intent, design, guilty knowledge, or *scienter,* when such crimes are so connected with the offense charged as to throw light upon this question. *S. v. Simons,* 178 N. C., 679, and cases there cited.  Proof of other like offenses is also competent to show the identity of the person charged with the crime.  *S. v. Weaver,* 104 N. C., 758.  The exceptions to the rule are so fully discussed by *Walker, J.,* in *S. v. Stancill,* 178 N. C., 683, and in a valuable note to the case of *People v. Molineux,* 168 N. Y., 264, reported in 62 L. R. A., 193-357, that we deem it unneces-sary to repeat here what has there been so well said on the subject.

The evidence, above mentioned and which is the subject of one of defendant's exceptions, clearly falls within the exceptions to the rule and was properly admitted.

In the case of *Rex v. York,* R. & R., C. C., 531, it was held that if, upon an indictment for malicious shooting, it be questioned whether the shooting was by accident or design, evidence may be given that the prisoner at another time intentionally shot at the same person. This holding is cited with approval in *S. v. Murphy,* 84 N. C., 742.

The other exceptions are without material significance. We have found no reversible error on the record, and hence the verdict and judgment will be upheld.

No error.