### STATE v. HOSE HILDEBRAN AND LOIS HILDEBRAN.

#### (Filed 9 December, 1931.)

1. **Disorderly House A c—Evidence of general reputation and boisterous conversation of inmates is competent in prosecution for disorderly house.**

    In a prosecution for keeping a disorderly house evidence tending to show the lewd and boisterous conversation of the inmates and frequenters of the house, and evidence of the general reputation or character of the house is competent. C. S., 4347.

2. **Same—Evidence in this case of occurrence happening more than two years before indictment is held competent as corroborative evidence.**

    In a prosecution for keeping a disorderly house evidence of occurrences happening more than two years prior to the indictment is competent as corroborative of evidence of such occurrences happening within the two years.

APPEAL by defendants from *Harwood, Special Judge,* at March Term, 1931, of BURKE. No error.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*D. L. Russell and D. L. Russell, Jr., for defendants.*

PER CURIAM. The defendants were indicted and convicted of keeping a disorderly house. They appealed assigning certain grounds of error: (1) That the court refused their motion to dismiss the action as in the case of nonsuit; (2) that the court erroneously admitted evidence as to the general reputation of the house; (3) that the court committed error in the admission of evidence relating to occurrences on the premises which, it is contended, may have taken place more than two years preceding the finding of the bill of indictment; (4) that there was error in the admission and rejection of other evidence, and in the instructions given the jury.

The evidence was amply sufficient to justify the court in submitting to the jury the question of the defendants' guilt. C. S., 4347. This

statute authorizes the admission of evidence tending to show the lewd, dissolute, and boisterous conversation of the inmates and frequenters of the house, and specially provides that evidence of the general reputation or character of the house shall be admissible and competent.

If any of the occurrences referred to in the evidence happened more than two years prior to the finding of the bill of indictment as contended by the defendants, they were not for that reason incompetent. Some of the occurrences took place within the two-year period and evidence of those which happened prior to the bar of the statute of limitations would be competent as corroborative. *S. v. McDuffie,* 107 N. C., 885; *S. v. Guest,* 100 N. C., 410. If the evidence was competent for any purpose it would have been error to exclude it.

We have examined the record as to the admission and rejection of evidence and as to instructions given the jury and find no reversible error.

No error.