STATE v. G. W. BATTS.

(Filed 4 November, 1936.)

1. **Criminal Law G m—Evidence of defendant's commission of other like offenses held competent when intent is essential element of offense charged.**

    In this prosecution defendant was charged with conspiring with others to damage his car with intent to defraud the insurance company. A witness was permitted to testify that on a former occasion he had seen defendant willfully damage another automobile belonging to him and that defendant had made claim for such damage. *Held:* Testimony of defendant's commission of a like offense on a prior occasion was competent on the question of intent constituting an essential element of the offense charged.

2. **Criminal Law I g—**

    An exception by defendant to the court's statement of the contentions of the State will not be sustained when defendant fails to call the matter to the court's attention in apt time.

APPEAL by defendant from *Grady, J.,* at June Term, 1936, of LENOIR. No error.

The defendant was convicted on one count in the bill of indictment charging him and others with criminal conspiracy to wreck and damage an automobile, the property of defendant, with intent to defraud the insurance company.

From judgment pronounced on a verdict of guilty, defendant Batts appealed.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Sutton & Greene and John G. Dawson for defendant.*

DEVIN, J. There was evidence sufficient to be submitted to the jury that the defendant was guilty under the count in the bill of indictment on which he was convicted, and the charge of the court below was free from error.

But the defendant contends that in the course of the trial incompetent testimony was admitted, over his objection, warranting a new trial.

Defendant assigns as error the admission of testimony of a State's witness that he had seen the defendant deliberately damage another automobile of his on another occasion than that alleged in the bill of indictment, and that defendant made claim therefor, but this exception cannot be sustained on this record. The defendant was indicted for conspiracy to cheat and defraud. One of the elements of the offense with which the defendant was charged was the intent. In such case it is well established that evidence of other like offenses is competent. *S. v. Hardy,* 209 N. C., 83; *S. v. Miller,* 189 N. C., 695; *S. v. Simons,* 178 N. C., 679.

The exceptions to the court's charge to the jury relate to statements of the contentions of the State, as to which the judge's attention was not called at the time. *S. v. Johnson,* 207 N. C., 273. The contention that the charge contains expressions of opinion in violation of C. S., 564, cannot be sustained.

The other exceptions noted at the trial are without material significance.

On the record before us, we find

No error.