## STATE v. RALPH C. FLOWERS.

(Filed 30 June, 1937.)

**1. Criminal Law § 29b—Evidence of guilt of distinct offense is competent if tending to show intent, guilty knowledge, or scienter.**

Defendant was charged with conspiracy to rob and with robbery committed pursuant thereto. The State introduced evidence that within a week after the robbery charged in the second count of the bill of indictment defendant conspired with the same confederate to burn an automobile in order to collect the fire insurance thereon. *Held:* The evidence was competent under the exception to the general rule that evidence of guilt of a distinct offense is competent if tending to show intent, design, guilty knowledge, or *scienter.*

**2. Criminal Law § 35—Evidence of association of coconspirator and defendant and flight of coconspirator held competent.**

Defendant was indicted for conspiracy to rob and with robbery committed pursuant to the conspiracy. The State introduced evidence of the association between defendant and his alleged coconspirator within a short time before and after the robbery, and that a few hours after the robbery defendant's alleged coconspirator left the city in an automobile with defendant's niece, and that a week after the robbery defendant and his alleged coconspirator entered into another conspiracy to burn an automobile belonging to defendant's niece in order to collect fire insurance thereon. *Held:* The evidence was competent not only to corroborate the testimony of the coconspirator upon the trial, but also as tending to show that defendant was a party to the conspiracy to rob, and that his presence at the scene of the robbery was in consequence of the conspiracy.

APPEAL by defendant from *Armstrong, J.,* at October Term, 1936, of FORSYTH. No error.

This is a criminal action in which the defendant Ralph C. Flowers was tried on an indictment which contains two counts.

In the first count it is charged that on or about 11 September, 1936, at and in Forsyth County, Ralph C. Flowers and LeRoy Blackman did unlawfully, willfully, and feloniously conspire with each other to assault an employee of Powers and Anderson Dental Company with firearms or other dangerous weapons, and by means of said assault to rob the said Powers and Anderson Dental Company of money, gold, and other valuable personal property.

In the second count it is charged that pursuant to said conspiracy the said Ralph C. Flowers and LeRoy Blackman, on 11 September, 1936, did unlawfully, willfully, and feloniously assault one Frank Shoaf, an employee of Powers and Anderson Dental Company, with firearms or other dangerous weapons, and by means of said assault did rob the said Powers and Anderson Dental Company of one lot of gold bars of the value of $700.00.

When they were arraigned on the indictment, the defendant LeRoy Blackman entered a plea of guilty; the defendant Ralph C. Flowers entered a plea of not guilty.

At the trial, the jury returned a verdict that the defendant Ralph C. Flowers is guilty as charged in both counts of the indictment.

From judgment that he be confined in the State's Prison for a term of not less than seven or more than ten years, the defendant Ralph C. Flowers appealed to the Supreme Court, assigning errors in the trial.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Fred S. Hutchins, William E. Leahy, and William J. Hughes, Jr., for defendant.*

CONNOR, J. After he had offered evidence at the trial of this action tending to show that the defendant Ralph C. Flowers is guilty as charged in both counts of the indictment, and after the defendant had sought to impeach witnesses for the State, by their cross-examination, the solicitor for the State announced to the court that he would offer further evidence tending to show that after the robbery of the Powers and Anderson Dental Company by the defendant Ralph C. Flowers, on 11 September, 1936, as charged in the second count, pursuant to the conspiracy charged in the first count of the indictment, and within one week after the said robbery, the said Ralph C. Flowers and LeRoy Blackman unlawfully, willfully, and feloniously conspired with each other to burn an automobile owned by a niece of the defendant, and that pursuant to said conspiracy the said LeRoy Blackman, on 18 September, 1936, did unlawfully, willfully, and feloniously set fire to and burn said automobile.

Counsel for defendant stated to the court that they would object to the admission of such evidence.

The court thereupon ruled that evidence tending to show a conspiracy to burn and the burning of an automobile owned by a niece of the defendant would be admitted as evidence tending to show a conspiracy between the defendant Ralph C. Flowers and LeRoy Blackman, as charged in the first count of the indictment. The defendant excepted to this ruling.

The State thereupon offered evidence tending to show that some time during the week following 11 September, 1936, the defendant Ralph C. Flowers offered to pay to LeRoy Blackman the sum of $10.00 if the said Blackman would drive the automobile owned by his niece beyond the city limits of Winston-Salem, during the nighttime, and set fire to and burn the said automobile. LeRoy Blackman accepted the offer of the defendant, and on the night of 18 September, 1936, drove the automobile a short distance from the city limits of Winston-Salem, and set fire to and burned the automobile. After the automobile was burned, the defendant paid to the said LeRoy Blackman the sum of $9.00. The automobile was insured against loss by fire, the policy having been procured by the niece of the defendant in his office a few days before the automobile was burned. The defendant paid the premium for the policy.

The defendant objected to the admission of the evidence offered by the State tending to show the conspiracy between the defendant and LeRoy Blackman, and the subsequent burning of the automobile by the said LeRoy Blackman. The court repeatedly instructed the jury that the evidence should be considered by them only as tending to show that the defendant was a party to the conspiracy to rob the Powers and Anderson Dental Company, as charged in the first count in the indictment. The defendant excepted to each and all the rulings of the court upon his objections to the evidence tending to show a conspiracy to burn and the burning of the automobile of defendant's niece, and subsequently during the trial offered evidence in contradiction of such evidence. On his appeal to this Court, the defendant duly assigns as error each and all said rulings.

In *S. v. Miller,* 189 N. C., 695, 128 S. E., 1, it is said by *Stacy, C. J.:*

"It is undoubtedly the general rule of law, with some exceptions, that evidence of a distinct substantive offense is inadmissible to prove another and independent crime, the two being wholly disconnected and in no way related to each other. *S. v. McCall,* 131 N. C., 798; *S. v. Graham,* 121 N. C., 623; *S. v. Frazier,* 118 N. C., 1257; *S. v. Jeffries,* 117 N. C., 727; *S. v. Shuford,* 69 N. C., 486. But to this there is the exception as well established as the rule itself, that proof of the commission of other like

offenses is competent to show the *quo animo,* intent, design, guilty knowledge, or *scienter,* when such crimes are so connected with the offense charged as to throw light upon this question. *S. v. Simons,* 178 N. C., 679, and cases there cited. Proof of other like offenses is also competent to show the identity of the person charged with the crime. *S. v. Weaver,* 104 N. C., 758. The exceptions to the rule are so fully discussed by *Walker, J.,* in *S. v. Stancill,* 178 N. C., 683, and in a valuable note to the case of *People v. Molineaux,* 168 N. Y., 264, reported in 62 L. R. A., 193-357, that we deem it unnecessary to repeat here what has there been so well said on the subject."

We think that the evidence offered by the State and admitted subject to exceptions by the defendant comes well within the exceptions to the general rule, as recognized and applied in *S. v. Batts,* 210 N. C., 659, 188 S. E., 99; *S. v. Ray,* 209 N. C., 772, 184 S. E., 836; *S. v. Stancill,* 178 N. C., 683, 100 S. E., 241; *S. v. Simons,* 178 N. C., 679, 100 S. E., 239.

All the evidence at the trial of this action showed that the defendant Ralph C. Flowers, a dentist residing in the city of Winston-Salem, N. C., where he was employed by the R. J. Reynolds Tobacco Company to render professional services to its employees, had known LeRoy Blackman for several years prior to 11 September, 1936; that the said Blackman, a Negro, who, after pleading guilty to both crimes charged in the indictment, testified as a witness for the State, waited on the defendant almost daily at his office and at his home, and was constantly subject to his call; that both the defendant and the said Blackman were at the offices of Powers and Anderson Dental Company on 11 September, 1936, shortly before the robbery; and that within a few hours after the robbery the said Blackman left the city of Winston-Salem, in an automobile, with a niece of the defendant.

Evidence tending to show association of the defendant and LeRoy Blackman with each other, within a short time both before and after the robbery charged in the second count of the indictment, and also tending to show that within a week after the said robbery the defendant and LeRoy Blackman, who testified as a witness for the State, entered into another criminal conspiracy, was competent for the purpose of not only corroborating LeRoy Blackman, who was impeached on his cross-examination by the defendant, but also of showing that the defendant, who was present at the time the robbery was committed, was there in consequence of the conspiracy, charged in the first count of the indictment. Defendant's exceptions to this evidence cannot be sustained. See *S. v. Anderson,* 208 N. C., 771, 182 S. E., 643. In the opinion in that case it is said by *Stacy, C. J.:* "The evidence upon which the defendants have been convicted comes in the main from their alleged coconspirators

and associates. If this be untrustworthy, as they now contend, it should be remembered the defendants were the first to repose confidence in these witnesses, and their appeal was to the jury. In this respect we are unable to help them. Our jurisdiction is limited to reviewing on appeal decisions upon any matter of law or legal inference. Const. of N. C., Art. IV, sec. 8."

We find no error in the trial of this action. The judgment is affirmed.

No error.