STATE v. W. T. WILSON.

(Filed 2 February, 1940.)

**1. Embezzlement § 6—Admission of minutes and orders of court at previous term, raising inference that defendant had mismanaged funds held error.**

This was a prosecution of a public guardian for embezzlement of certain funds of one of his wards. The court permitted to be read to the jury and admitted in evidence minutes of a previous term of court containing statements of a Superior Court judge and a former foreman of the grand jury suggestive of their opinion that the irregularities in the guardianship accounts of defendant were so grave as to require the appointment of a receiver and an order restraining defendant from disposing of any property, and permitted to be read to the jury and admitted

in evidence a prior order of the Superior Court judge presiding at the trial removing defendant as public guardian on the ground that he had mismanaged funds belonging to the estates of his wards. *Held:* The only question at issue was whether defendant, while acting as guardian of the estate of the named ward, had converted to his own use the sum of money belonging to this ward's estate with fraudulent intent, and the admission of the minutes and orders of previous terms of court in evidence was prejudicial error.

**2. Criminal Law §§ 30, 41b—**

It is error to permit the solicitor, while cross-examining defendant in a criminal prosecution, to read certain allegations of fact in a complaint in a civil action relating to the same subject matter and to ask defendant if he had not failed to deny them by answer. C. S., 533.

**3. Criminal Law § 41b: Embezzlement § 6—Ordinarily, State may not offer affirmative evidence relating to collateral matters adduced on cross-examination.**

While in a prosecution for embezzlement the solicitor may cross-examine defendant about the administration of other estates of which defendant was guardian and question him in regard to independent indictments then pending against him in connection therewith, for the purpose of impeaching defendant, the State may not introduce affirmative evidence of such collateral matters without showing that they were so connected with the offense charged as to be competent for the purpose of showing intent.

**4. Criminal Law § 81d—**

Where a new trial is awarded on certain exceptions, other exceptions relating to matters which may not arise upon the subsequent hearing need not be considered.

APPEAL by defendant from *Clement, J.,* at May Term, 1939, of FORSYTH. New trial.

The defendant was charged in the bill of indictment with embezzlement, in that while acting as guardian of the estate of John P. Charles, incompetent, he fraudulently and feloniously converted to his own use the sum of $700 belonging to said estate.

The State's evidence tended to show that upon the defendant's qualification as guardian of the estate of this ward on 7 June, 1938, there were turned over to him by the former guardian United States Treasury notes of the par value of $700; that $600 par value of these notes were sold by the defendant 14 June, 1938, for the sum of $611.52, and the proceeds converted to his own use. It was also in evidence that the defendant had been appointed public guardian in Forsyth County and as such had qualified as guardian of numerous other estates. The defendant testified in his own behalf and offered evidence tending to explain the transactions shown by the State's evidence and to negative the existence of fraudulent intent.

There was verdict of guilty, and from judgment imposing prison sentence, defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*W. P. Sandridge for defendant.*

DEVIN, J. The defendant noted numerous exceptions during the trial, and the case on appeal is quite voluminous. However, in the view we take of the case, it will not be necessary to discuss all the exceptions noted and brought forward in the assignments of error, or to recite the evidence in detail, as we decide there must be a new trial for errors in the admission of certain testimony prejudicial to the defendant.

The defendant's motion to quash and his plea in abatement were properly overruled. The facts found by the trial judge sustain his ruling in this respect. Nor was there error in the denial of defendant's motion for judgment as of nonsuit under the statute, as the evidence was sufficient to be submitted to the jury as to all the elements of the criminal offense charged in the bill of indictment.

During the course of the trial the court permitted the solicitor, over defendant's objection, to offer in evidence and read to the jury the minutes of a previous term of the court, December Term, 1938, containing report of statements made by the then presiding judge, Judge Sink, to the grand jury, including remarks by the solicitor and the foreman of the grand jury, relative to the necessity and importance of an audit of guardianship accounts in the county, reference being made to those of the public guardian. The State also offered other portions of the minutes of the December Term, including report by the foreman of the grand jury and the remarks of the presiding judge thereon, as follows: "The grand jury, upon investigation of the administration of the public guardian, Mr. W. T. Wilson, as fully as it has been able to do from the partial report of the auditors under the court's order, and other available data, is of the opinion and finds as a fact that conditions are so chaotic and the records so poorly kept that the public interest absolutely demands that a receiver be appointed for the assets of Mr. Wilson and his wife individually, until such time as a proper accounting may be had, we, therefore, respectfully recommend such action at this time."

"Mr. Foreman and Gentlemen of the Grand Jury:

"The report the court has just read is one involving subject matter of great and vital interest to the people of Forsyth County and the State of North Carolina. It evidences a degree of resourcefulness that bespeaks its usefulness for the future. . . . You have suggested the

appointment of a receiver, an unusual and so far as this court knows a course without precedent in North Carolina.  The court is of the opinion, however, in the light of your findings of fact, that there is no alternative to appointing a temporary receiver and in the light of this. recommendation, the solicitor of the Eleventh Judicial District, Honorable J. Erle McMichael, is herewith ordered and directed by the court to prepare the formal order providing for the appointment of Honorable Dallace McLennan as receiver for all assets, documents, records and papers pertaining to or relating to the public guardianship.  The said order will contain an order of restraint against W. T. Wilson as public guardian, W. T. Wilson, individually, and Mrs. W. T. Wilson from divesting, encumbering or otherwise transferring any money, property or other thing of value pending the hearing of the cause upon instruction of the court."

The vice of this evidence lay in the fact that it presented to the trial jury statements of a Superior Court judge and a former foreman of the grand jury suggestive of their opinion that the irregularities in the guardianship accounts of the defendant were so grave as to require the unusual procedure of the appointment of a receiver and a restraining order against the defendant's disposition of any of his property.

The propriety of the action of Judge Sink in making the orders referred to, at December Term, 1938, is not here questioned, but it was prejudicial to the defendant on this trial, charged with a felony, to have the weighty effect of those statements, opinions and court orders, relative to the matter then being inquired into, laid before the impaneled jury.  The only question at issue in the trial was whether the defendant while acting as guardian of the estate of John P. Charles had converted to his own use the sum of $700, or any part thereof, belonging to his ward's estate, and whether this was done with fraudulent purpose and intent.  *S. v. McDonald,* 133 N. C., 680, 45 S. E., 582.

The State was also permitted to offer in evidence and read to the jury, over objection, an order made by Judge Clement 20 February, 1939, removing the defendant as public guardian, on the recited ground "that the said W. T. Wilson, guardian, has made loans to himself (of) his wards' funds; that W. T. Wilson, guardian, has mismanaged the funds belonging to the estates of his wards."  This statement, coming from the judge then presiding over the trial, that the defendant had "mismanaged" the funds of his wards, was improperly permitted to go to the jury and was prejudicial.

The solicitor while cross-examining the defendant was permitted to read to him certain allegations of fact contained in the complaint in a civil action against him and to ask him if he had not failed to deny them by any answer.  This would seem to infringe upon the prohibition

contained in C. S., 533, that "No pleading can be used in a criminal prosecution against the party as proof of a fact admitted or alleged." *S. v. Ray,* 206 N. C., 736, 175 S. E., 109.

Over objection, the court permitted the solicitor to cross-examine the defendant at length about his transactions as administrator of an estate, as guardian of other estates, and as to improper use of his former office as mayor of the city. This examination was in accord with the rule permitting questions as to collateral matters for the purpose of impeachment, but it would not have been competent for the State to offer affirmative evidence of these collateral matters, to contradict the witness and in proof of such facts, unless they were so connected with the charge in the bill of indictment as to throw light on the question of fraudulent intent or to rebut special defenses. *S. v. Spaulding,* 216 N. C., 538; *S. v. Garden,* 209 N. C., 404, 183 S. E., 898; *S. v. Jordan,* 207 N. C., 460, 177 S. E., 333; *Gray v. Cartwright,* 174 N. C., 49, 93 S. E., 432; *S. v. Patterson,* 24 N. C., 346.

This rule would also exclude testimony offered by the State relating to other matters than those charged in the bill, and about which separate indictments against the defendant were pending, transactions which occurred prior to the defendant's qualification as guardian of the John P. Charles Estate, unless it be shown that they were connected with the particular offense under investigation or rendered competent under the established rule for the purpose of showing intent. *S. v. Stancill,* 178 N. C., 683, 100 S. E., 241; *S. v. Simons,* 178 N. C., 679, 100 S. E., 239; *S. v. Beam,* 184 N. C., 730, 115 S. E., 176; *S. v. Flowers,* 211 N. C., 721, 192 S. E., 110; *S. v. Smoak,* 213 N. C., 79, 195 S. E., 72; *S. v. Godwin,* 216 N. C., 49.

We deem it unnecessary to discuss *seriatim* the many other exceptions noted by defendant to the rulings of the court below on the admission and exclusion of testimony, as they may not arise upon another trial.

We conclude that for the errors herein pointed out there must be a

New trial.