STATE *v.* McCLAIN.

STATE v. BETTY McCLAIN.

(Filed 28 April, 1954.)

**1. Criminal Law § 29b—**

The general rule is that in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense, even though the other offense is of the same nature as the crime charged.

**2. Same—**

Evidence disclosing the commission by the accused of a crime other than the one charged is admissible when the two crimes are parts of the same transaction, and by reason thereof are so connected in point of time or circumstance that one cannot be fully shown without proving the other.

**3. Same—**

Where a specific mental intent or state is an essential element of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish the requisite mental intent or state, even though the evidence discloses the commission of another offense by the accused.

**4. Same—**

Where guilty knowledge is an essential element of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish the requisite guilty knowledge, even though the evidence reveals the commission of another offense by the accused.

**5. Same—**

Where the accused is not definitely identified as the perpetrator of the crime charged and the circumstances tend to show that the crime charged and another offense were committed by the same person, evidence that the accused committed the other offense is admissible to identify him as the perpetrator of the crime charged.

**6. Same—**

Where evidence tends to prove a motive on the part of the accused to commit the crime charged, it is admissible, even though it discloses the commission of another offense by the accused.

**7. Same—**

Evidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission.

**8. Same—**

In prosecutions for crimes involving illicit sexual acts of a consensual character between the same parties, it is permissible for the State to introduce evidence of both prior and subsequent acts of like nature as corroborative or explanatory proof tending to show the mutual disposition of the participants to engage in the act and rendering it more probable that the act relied on for conviction occurred.

**9. Same—**

In prosecutions for continuing offenses, evidence of other acts than that charged is generally admissible to corroborate or explain the evidence showing the act charged.

**10. Same—**

Since evidence of other crimes is likely to have a prejudicial effect on the fundamental right of the accused to a fair trial, the general rule of exclusion should be strictly enforced in all cases where it is applicable.

**11. Prostitution § 2—**

In this prosecution for prostitution and occupying a building for the purpose of prostitution, G.S. 14-204, the State introduced evidence that defendant engaged in illicit intercourse with prosecuting witness for hire at certain places, and was permitted to introduce evidence over defendant's objection that some hours after the last assignation, defendant surreptitiously invaded the hotel room of the prosecuting witness in another building and took from it by larceny a sum of money. *Held:* The introduction of evidence tending to show defendant's guilt of larceny constitutes prejudicial error entitling her to a new trial.

APPEAL by defendant from *Harris, J.,* and a jury, at December Term, 1953, of WAKE.

Criminal prosecution for engaging in prostitution and occupying a building for the purpose of prostitution contrary to G.S. 14-204.

The cause was tried *de novo* in the Superior Court on the appeal of the defendant from the City Court of Raleigh.

The State offered evidence tending to show that on two successive afternoons in October, 1953, the defendant Betty McClain made assignations with its witness Bolling, and engaged in sexual intercourse with him for hire at places in the City of Raleigh other than the hotel where he was

lodging; that Bolling terminated his last assignation with the defendant between 5:30 and 6:00 o'clock on the second afternoon, and repaired to his hotel room, where he soon took to his bed in a rather groggy state; and that about three hours later the defendant surreptitiously invaded Bolling's hotel room and took from it by larceny approximately $135.00.

The testimony relating to the supposed larcenous act of the defendant was admitted over her exception.

The defendant did not take the stand. She called other persons as witnesses, and elicited from them evidence challenging the validity of the State's case.

The jury returned a general verdict of guilty, and the trial judge entered a single judgment sentencing the defendant to imprisonment as a misdemeanant for twelve months. The defendant excepted and appealed, assigning the admission of the testimony relating to her supposed larcenous act and other rulings of the trial judge as error.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*W. Brantley Womble, J. Allen Harrington, and McDermott & Cameron for defendant.*

ERVIN, J. The defendant emphasizes the assignment of error based on the admission of the testimony indicating that she committed another distinct crime, to wit, larceny, several hours after her last assignation with the State's witness Bolling.

The general rule is that in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense. *S. v. Fowler,* 230 N.C. 470, 53 S.E. 2d 853; *S. v. Choate,* 228 N.C. 491, 46 S.E. 2d 476; *S. v. Godwin,* 224 N.C. 846, 32 S.E. 2d 609; *S. v. Wilson,* 217 N.C. 123, 7 S.E. 2d 11; *S. v. Lee,* 211 N.C. 326, 190 S.E. 234; *S. v. Jordan,* 207 N.C. 460, 177 S.E. 333; *S. v. Smith,* 204 N.C. 638, 169 S.E. 230; *S. v. Beam,* 184 N.C. 730, 115 S.E. 176; *S. v. Beam,* 179 N.C. 768, 103 S.E. 370; *S. v. Barrett,* 151 N.C. 665, 65 S.E. 894; *S. v. McCall,* 131 N.C. 798, 42 S.E. 894; *S. v. Graham,* 121 N.C. 623, 28 S.E. 409; *S. v. Frazier,* 118 N.C. 1257, 24 S.E. 520; *S. v. Lyon,* 89 N.C. 568; *S. v. Shuford,* 69 N.C. 486; *S. v. Vinson,* 63 N.C. 335; Stansbury on North Carolina Evidence, section 91. This is true even though the other offense is of the same nature as the crime charged. *S. v. Jeffries,* 117 N.C. 727, 23 S.E. 163; 20 Am. Jur., Evidence, section 309; 22 C.J.S., Criminal Law, section 682.

The general rule rests on these cogent reasons: (1) "Logically, the commission of an independent offense is not proof in itself of the commis-

sion of another crime." *Shaffner v. Commonwealth,* 72 Pa. 60, 13 Am. R. 649; *People v. Molineux,* 168 N.Y. 264, 61 N.E. 286, 62 L.R.A. 193. (2) Evidence of the commission by the accused of crimes unconnected with that for which he is being tried, when offered by the State in chief, violates the rule which forbids the State initially to attack the character of the accused, and also the rule that bad character may not be proved by particular acts, and is, therefore, inadmissible for that purpose. *State v. Simborski,* 120 Conn. 624, 182 A. 221; *State v. Barton,* 198 Wash, 268, 88 P. 2d 385. (3) "Proof that a defendant has been guilty of another crime equally heinous prompts to a ready acceptance of and belief in the prosecution's theory that he is guilty of the crime charged. Its effect is to predispose the mind of the juror to believe the prisoner guilty, and thus effectually to strip him of the presumption of innocence." *State v. Gregory,* 191 S.C. 212, 4 S.E. 2d 1. (4) "Furthermore, it is clear that evidence of other crimes compels the defendant to meet charges of which the indictment gives him no information, confuses him in his defense, raises a variety of issues, and thus diverts the attention of the jury from the charge immediately before it. The rule may be said to be an application of the principle that the evidence must be confined to the point in issue in the case on trial." 20 Am. Jur., Evidence, section 309. See, also, in this connection these North Carolina cases: *S. v. Fowler,* 230 N.C. 470, 53 S.E. 2d 853; *S. v. Beam,* 184 N.C. 730, 115 S.E. 176; *S. v. Fowler,* 172 N.C. 905, 90 S.E. 408.

The general rule excluding evidence of the commission of other offenses by the accused is subject to certain well recognized exceptions, which are said to be founded on as sound reasons as the rule itself. 22 C.J.S., Criminal Law, section 683. The exceptions are stated in the numbered paragraphs, which immediately follow.

1. Evidence disclosing the commission by the accused of a crime other than the one charged is admissible when the two crimes are parts of the same transaction, and by reason thereof are so connected in point of time or circumstance that one cannot be fully shown without proving the other. *S. v. Matheson,* 225 N.C. 109, 33 S.E. 2d 590; *S. v. Harris,* 223 N.C. 697, 28 S.E. 2d 232; *S. v. Leonard,* 195 N.C. 242, 141 S.E. 736; *S. v. Mitchell,* 193 N.C. 796, 138 S.E. 166; *S. v. Dail,* 191 N.C. 231, 131 S.E. 573; *S. v. O'Higgins,* 178 N.C. 708, 100 S.E. 438; *S. v. Davis,* 177 N.C. 573, 98 S.E. 785; *S. v. Wade,* 169 N.C. 306, 84 S.E. 768; *S. v. Adams,* 138 N.C. 688, 50 S.E. 765; *S. v. Hullen,* 133 N.C. 656, 45 S.E. 513; *S. v. Mace,* 118 N.C. 1244, 24 S.E. 798; *S. v. Weaver,* 104 N.C. 758, 10 S.E. 486; *S. v. Thompson,* 97 N.C. 496, 1 S.E. 921; *S. v. Gooch,* 94 N.C. 987; *S. v. Murphy,* 84 N.C. 742; Stansbury on North Carolina Evidence, section 92; 20 Am. Jur., Evidence, section 311; 22 C.J.S., Criminal Law, section 663.

2. Where a specific mental intent or state is an essential element of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish the requisite mental intent or state, even though the evidence discloses the commission of another offense by the accused. *S. v. Smith,* 237 N.C. 1, 74 S.E. 2d 291; *S. v. Birchfield,* 235 N.C. 410, 70 S.E. 2d 5; *S. v. Summerlin,* 232 N.C. 333, 60 S.E. 2d 322; *S. v. Lowry,* 231 N.C. 414, 57 S.E. 2d 479; *S. v. Bryant,* 231 N.C. 106, 55 S.E. 2d 922; *S. v. Davis,* 229 N.C. 386, 50 S.E. 2d 37; *S. v. Edwards,* 224 N.C. 527, 31 S.E. 2d 516; *S. v. Colson,* 222 N.C. 28, 21 S.E. 2d 808; *S. v. Batson,* 220 N.C. 411, 17 S.E. 2d 511, 139 A.L.R. 614; *S. v. Smoak,* 213 N.C. 79, 195 S.E. 72; *S. v. Ray,* 212 N.C. 725, 194 S.E. 482; *S. v. Batts,* 210 N.C. 659, 188 S.E. 99; *S. v. Horne,* 209 N.C. 725, 184 S.E. 470; *S. v. Hardy,* 209 N.C. 83, 182 S.E. 831; *S. v. Ferrell,* 205 N.C. 640, 172 S.E. 186; *S. v. Miller,* 189 N.C. 695, 128 S.E. 1; *S. v. Pannil,* 182 N.C. 838, 109 S.E. 1; *S. v. Crouse,* 182 N.C. 835, 108 S.E. 911; *S. v. Haywood,* 182 N.C. 815, 108 S.E. 726; *S. v. Stancill,* 178 N.C. 683, 100 S.E. 241; *S. v. Simons,* 178 N.C. 679, 100 S.E. 239; *S. v. Leak,* 156 N.C. 643, 72 S.E. 567; *S. v. Boynton,* 155 N.C. 456, 71 S.E. 341; *S. v. Plyler,* 153 N.C. 630, 69 S.E. 269; *S. v. Hight,* 150 N.C. 817, 63 S.E. 1043; *S. v. Register,* 133 N.C. 746, 46 S.E. 21; *S. v. Walton,* 114 N.C. 783, 18 S.E. 945; *S. v. White,* 89 N.C. 462; *S. v. Murphy, supra; S. v. Gailor,* 71 N.C. 88, 17 Am. S. R. 3; Stansbury on North Carolina Evidence, section 92; 20 Am. Jur., Evidence, section 313; 22 C.J.S., Criminal Law, section 686.

3. Where guilty knowledge is an essential element of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish the requisite guilty knowledge, even though the evidence reveals the commission of another offense by the accused. *S. v. Bryant, supra; S. v. Smoak, supra; S. v. Ray,* 209 N.C. 772, 184 S.E. 836; *S. v. Pannil, supra; S. v. Mincher,* 178 N.C. 698, 100 S.E. 339; *S. v. Winner,* 153 N.C. 602, 69 S.E. 9; *S. v. Murphy, supra; S. v. Twitty,* 9 N.C. 248; Stansbury on North Carolina Evidence, section 92; 20 Am. Jur., Evidence, section 313; 22 C.J.S., Criminal Law, section 685.

4. Where the accused is not definitely identified as the perpetrator of the crime charged and the circumstances tend to show that the crime charged and another offense were committed by the same person, evidence that the accused committed the other offense is admissible to identify him as the perpetrator of the crime charged. *S. v. Summerlin, supra; S. v. Biggs,* 224 N.C. 722, 32 S.E. 2d 352; *S. v. Tate,* 210 N.C. 613, 188 S.E. 91; *S. v. Flowers,* 211 N.C. 721, 192 S.E. 110; *S. v. Ferrell, supra; S. v. Miller, supra; S. v. Griffith,* 185 N.C. 756, 117 S.E. 586; *S. v. Spencer,* 176 N.C. 709, 97 S.E. 155; *S. v. Hullen, supra; S. v. Weaver, supra; S. v. Thompson, supra;* Stansbury on North Carolina Evidence, section 92; 20 Am. Jur., Evidence, section 312; 22 C.J.S., Criminal Law, section 684.

5. Where evidence tends to prove a motive on the part of the accused to commit the crime charged, it is admissible, even though it discloses the commission of another offense by the accused. *S. v. Birchfield, supra; S. v. Oxendine,* 224 N.C. 825, 32 S.E. 2d 648; *S. v. LeFevers,* 216 N.C. 494, 5 S.E. 2d 552; *S. v. Smoak, supra; S. v. Miller, supra; S. v. Griffith, supra; S. v. Brantley,* 84 N.C. 766; *S. v. Morris,* 84 N.C. 756; Stansbury on North Carolina Evidence, section 92; 20 Am. Jur., Evidence, section 313; 22 C.J.S., Criminal Law, section 687.

6. Evidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission. *S. v. Smoak, supra; S. v. Batts, supra; S. v. Flowers, supra; S. v. Miller, supra; S. v. Pannil, supra; S. v. Stancill, supra; S. v. Boynton, supra;* Stansbury on North Carolina Evidence, section 92; 20 Am. Jur., section 314; 22 C.J.S., Criminal Law, section 688. Evidence of other crimes receivable under this exception is ordinarily admissible under the other exceptions which sanction the use of such evidence to show criminal intent, guilty knowledge, or identity.

7. In prosecutions for crimes involving illicit sexual acts of a consensual character between the same parties, it is permissible for the State to introduce evidence of both prior and subsequent acts of like nature as corroborative or explanatory proof tending to show the mutual disposition of the participants to engage in the act and rendering it more probable that the act relied on for conviction occurred. *S. v. Broadway,* 157 N.C. 598, 72 S.E. 987; *S. v. Raby,* 121 N.C. 682, 28 S.E. 490; *S. v. Dukes,* 119 N.C. 782, 25 S.E. 786; *S. v. Chancy,* 110 N.C. 507, 14 S.E. 780; *S. v. Stubbs,* 108 N.C. 774, 13 S.E. 90; *S. v. Parish,* 104 N.C. 679, 10 S.E. 457; *S. v. Guest,* 100 N.C. 410, 6 S.E. 253; *S. v. Pippin,* 88 N.C. 646; *S. v. Kemp,* 87 N.C. 538; 22 C.J.S., Criminal Law, section 691u.

8. In prosecutions for continuing offenses, evidence of other acts than that charged is generally admissible to corroborate or explain the evidence showing the act charged. *S. v. Hildebran,* 201 N.C. 780, 161 S.E. 488; 22 C.J.S., Criminal Law, Section 689.

Since evidence of other crimes is likely to have a prejudicial effect on the fundamental right of the accused to a fair trial, the general rule of exclusion should be strictly enforced in all cases where it is applicable. *S. v. Beam,* 184 N.C. 730, 115 S.E. 176; 22 C.J.S., Criminal Law, section 683.

The Supreme Court of South Carolina furnishes this illuminating criterion for determining whether evidence of an offense other than the one charged is to be excluded under the general rule or admitted under one of the exceptions: "Whether evidence of other distinct crimes prop-

erly falls within any of the recognized exceptions noted is often a difficult matter to determine. The acid test is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime. But the dangerous tendency and misleading probative force of this class of evidence require that its admission should be subjected by the courts to rigid scrutiny. Whether the requisite degree of relevancy exists is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors. Hence, if the court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt, and the evidence should be rejected." *S. v. Gregory, supra; S. v. Lyle,* 125 S.C. 406, 118 S.E. 803.

The State did not see fit to charge the defendant with larceny. The State elected to put her on trial for engaging in prostitution and occupying a building for the purpose of prostitution. Despite these facts, the State was permitted to offer testimony at the trial for the avowed purpose of proving the defendant guilty of larceny. When the evidence at the trial is read as a whole, it is crystal clear that the supposed larcenous act of the defendant was separated in time, place, and circumstances from the crimes charged against her, and that it did not fall within any of the exceptions to the general rule excluding evidence of other offenses. It is likewise plain that the admission of the testimony relating to the supposed larcenous act was very prejudicial to the defendant's fundamental right to a fair trial of the charges against her. The testimony was calculated to inflame the minds of the jurors against her and to preclude that calm and impartial consideration of her case to which she was entitled. Its admission requires that the cause be tried anew.

New trial.