### STATE v. W. L. DAVIS.

#### (Filed 11 November, 1914.)

**Spirituous Liquors—Possession—Prima Facie Case—Purposes of Sale—Burden of Proof—Reasonable Doubt—Interpretation of Statutes.**

On the trial under an indictment against the defendant for having spirituous liquor on hand for the purpose of sale, contrary to our statute, chapter 44, sec. 2, Public Laws of 1913, the court charged the jury, in effect, that the defendant must not necessarily be convicted of selling the liquor if he had more than one gallon on hand for the purpose, and correctly charged as to the presumption of defendant's innocence, the effect and meaning of *prima facie* case, as used in the statute, and that the burden of proof was on the State to establish the guilt of the prisoner beyond a reasonable doubt. *Held*, the charge is not open to the objection that the judge told the jury to convict the defendant of a misdemeanor if he had violated any of the provisions of section 2 of the act.

APPEAL by defendant from *Lane, J.,* at May Term, 1914, of DAVIDSON.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*E. E. Raper, P. S. Vann, W. H. Phillips, and Walser & Walser for defendant.*

WALKER, J. This was an indictment against defendant for having in his possession, *for the purpose* of sale, spirituous liquor, contrary to law, as declared by the statute of the State forbidding it (Public Laws of 1913, ch. 44, sec. 2). The defendant was convicted, and appealed.

His only exception is that "the judge erroneously told the jury that a violation of any of the provisions of this section (No. 2) of the act would make the defendant guilty of a misdemeanor." We have stated the contention strictly according to his brief. It is the only one mentioned therein, and all other assignments of error, if there are any of merit, are, therefore, abandoned. *In re Will of Parker,* 165 N. C., 130; Rule of this Court, No. 34 (140 N. C., bottom p. 498). But we think the defendant is mistaken as to what the court told the jury. We now give the charge, in substance, because it shows clearly that no such criticism can justly be passed upon it, and further for the reason that it is, in itself, perfectly correct in law. This is what the learned presiding judge said: "The defendant is indicted for having on hand, *for the purpose of sale,* more than one gallon of spirituous liquors. The defendant pleads not guilty to the charge. The law presumes every man to be innocent when he comes into the court charged with a criminal offense, and this presumption of innocence clings to him until the State, by competent evidence, rebuts the presumption of innocence which the law throws around every person charged with crime. The burden is put

upon the State, before the jury can convict in the case, to satisfy the jury beyond a reasonable doubt of the guilt of the defendant; that is, that he had on hand, *for the purpose of sale,* spirituous liquors. Now, you have heard these statutes and provisions of the sections of the statute read. It is necessary for the court to explain to you fully these sections, because you are to take the law from the court, and from the court alone, and apply it to the evidence in the case and say what the facts are. It is not necessary, in order for a person to violate the law and be guilty of a misdemeanor, according to this statute, to sell liquor, but he can violate the law without selling any liquor at all if he keeps it on hand for the purpose of sale, if it is in his possession for the purpose of sale. And it is not necessary, in order to violate the law and be guilty under this statute, that the person have in possession more than one gallon, but possession of any quantity under this statute is a violation of the law, whether it is a quart, a pint, or half-pint, or any amount whatever, that he had in possession for the purpose of sale, and constitutes violation of the law. The statute further says that when it is admitted or shown beyond a reasonable doubt to the jury that the person is in possession of more than one gallon of spirituous liquor, three gallons of vinous liquors, or five gallons of malt liquors, at any one time, whether in one place or more places, that it shall be *prima facie* evidence that such person has it on hand for the purpose of sale. The term *'prima facie,'* as used in connection with the force and effect of evidence, means no more than that the latter, on its face or at first view and without contradiction or explanation, tends to prove the fact in issue—not that it does necessarily establish it. Perhaps a better legal definition is that it is such as is, in judgment of law, sufficient to establish the ultimate fact, and, if not explained or rebutted, remains sufficient for that purpose. It does not, in law, forestall the verdict, but leaves the inference of guilt, as in this case, for the jury to find, after excluding all reasonable doubt."

It will be seen from this short statement of the charge that the contention of defendant cannot possibly be sustained. The court distinguished very lucidly between the offense denounced by the statute and the mere fact of possession of more than a gallon, which was made *prima facie* evidence of guilt. The charge is well supported by *S. v. Wilkerson,* 164 N. C., 431, and it seems that the instruction was a studied effort to follow the principle therein declared, and, we may add, a very successful one. That there is no error is manifest. The guilt of defendant was made to turn solely upon his having in his possession spirituous liquor, whether one gallon, one quart, or one gill, *for sale,* and this was clearly explained to the jury, and the difference between this offense and the quantum of evidence required to make out a *prima facie* case, and the burden resting upon the State to finally establish the guilt, were so

unmistakably set forth in the charge that even a juror of the most ordinary intelligence and understanding could not be misled thereby.

The people have, by a large majority, declared for prohibition of the sale of liquors in this State. There is abundant law and procedure to enforce their will, and the only way to make it tell and to accomplish the purpose for which the law was enacted is to compel obedience to it, as by the imposition of adequate punishment by the judges. A law is of no force and becomes a dead letter unless those into whose charge it has been given for enforcement, according to the popular will, perform their duty by punishing the guilty and inflicting heavy penalties upon those who defiantly violate it. It is not more law that we need, but more practical and severe enforcement of that which we already have. The innocent should be protected against an incorrect and unjust construction of the law, by turning the language of the law into that which it does not mean, and was not intended to mean; but when, as in this case, that is done, and the guilty one is discovered and properly convicted, the only way to make the law of practical advantage and to execute the will of the people is to make the convict feel the heavy weight of the law. This is all that has been decided by this Court up to this date, in *S. v. Fisher,* 162 N. C., 550; *S. v. Wilkerson,* 164 N. C., 431, where the subject was fully considered and the authorities cited and reviewed, and in *Express Co. v. High Point,* 167 N. C., 103. But before a defendant is punished at all, he should be properly convicted in a prosecution for selling liquor, as in any other case, and that is not done unless the provisions are followed in all essential respects. We have not been able to discover any material departure from the law governing this case.

No error.