STATE v. W. L. SIMONS.

(Filed 24 September, 1919.)

1. **Intoxicating Liquors—Statutes—Possession—Evidence—Presumptions.**

   The statute, Laws 1913, ch. 44, sec. 2, makes the possession of more than one gallon of spirituous liquor at any one time, whether in one or more places, *prima facie* evidence of having it for the purpose of sale, and when such possession has been shown, a verdict of guilty will be sustained.

2. **Same—Intent—Subsequent Conditions.**

   Where there is evidence that the defendant, indicted under chapter 44, section 2, Laws 1913, had in his possession sufficient spirituous liquors to raise the *prima facie* presumption that it was for the purpose of sale, it is competent to show this intent, and in furtherance of the presumption, that soon thereafter, about two months, he was found working on a copper still on his premises, and had copper enough to make two of them; and that, upon his premises being searched, he had falsely denied the possession and had attempted to shoot the officer making the search. Cases where offenses are committed in sudden temper, under violent provocation or by the impulse of passion, distinguished.

APPEAL by defendant from *Kerr, J.,* at August Term, 1919, of PITT.

The defendant was convicted on a charge that he "Did unlawfully and willfully have in his possession illicit whiskey, three gallons, with the intent to sell, and did unlawfully and willfully receive at one time, and in one package, more than one quart of intoxicating liquor, contrary to law." Verdict and sentence. Appeal by defendant.

The evidence was that a constable, with a search warrant for whiskey, went to defendant's house; that he read the warrant to the defendant, who also read it.   The defendant asked the officer to go in the house with him; they went through a narrow passage, to a back room, when the defendant reached up and grabbed his pistol from a shelf, but the officer was too quick for him, and presenting his own pistol, made the defendant put his down.   The defendant then said that he did not have but one quart of whiskey, and he would be damned if any man was going to search his house or have it.   The officer, however, did search his house. The defendant pulled out one quart from behind the bureau, and after some conversation he also handed out three gallons of corn whiskey. The other officer, who was with the constable, gave the same evidence. The defendant did not put on any testimony, and the above evidence was not contradicted.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Albion Dunn for defendant.*

CLARK, C. J.   The statute, Laws 1913, ch. 44, sec. 2, makes "the possession of more than one gallon of spirituous liquors, at any one time, whether in one or more places, *prima facie* evidence of having it for the purpose of sale."

The defendant makes no exception to the charge, and therefore it is presumed that the judge charged in accordance with the law.   The defendant put on no evidence whatever to contradict the testimony that he had three gallons and a quart, though he had denied having any, and he attempted to shoot the officer.

The sole exception is to the testimony of the sheriff that in August, 1919, he was at the defendant's house, and "found a new still almost completed, on which the defendant was working, and he had nearly enough copper for another one."   The exception is upon the ground that, as the whiskey had been found in possession of the defendant on 2 June, this testimony was "irrelevant and incompetent."   The evidence of the finding of the three gallons and a quart being uncontradicted, the jury found in accordance with the *prima facie* presumption, corroborated, as it was, by defendant's denial and his attempt to shoot.   The evidence excepted to, at the most, was unnecessary, but not incompetent.

There are offenses which are committed in sudden temper, or under violent provocation, or by the impulse of passion.   As to these, the only competent evidence is what took place at the time.   *S. v. Norton,* 82 N. C., 630.   But the crime of illicit dealing in intoxicating liquor is in the same class with larceny, counterfeiting, forgery, obtaining money

under false pretenses, and burglary, which are all committed with de-
liberation, in defiance of law, and for the ignoble motive of making profit
thereby. In all such cases it is competent to prove intent by showing
matters of like nature, before or after the offense. If one is found in
possession of counterfeit money it would be competent to show that in a
reasonable time thereafter he was working on an apparatus for counter-
feiting, or had passed other counterfeit notes, even though it should fix
him with guilt of another offense. *S. v. Twitty,* 9 N. C., 248. And
the same is true as to the counterfeiting coin. If the charge is forgery,
evidence is competent that the defendant was found not long afterwards
in possession of other forged notes, or had passed other forged notes, or
was in possession of chemicals and other apparatus used for that purpose.
2 Whart. Cr. Law (11th ed.), sec. 920, note 7. Or if there was evidence
that the defendant was found at night in a dwelling-house with burglary
tools, the fact that he was found not long afterwards fashioning and
shaping such tools would be competent evidence.

The question when evidence of other crimes is competent is discussed
in *People v. Molineaux,* 168 N. Y., 264, which is reprinted with an ad-
mirable analytical table and very full notes (62 L. R. A., 193-357),
which leaves nothing to be added. The subject is fully discussed in a
line of decisions in this State. In *S. v. Murphy,* 84 N. C., 742, it is
held: "Evidence of a 'collateral offense,' of the same character and con-
nected with that charged in an indictment, and tending to prove the
*guilty knowledge* of the defendant, when that is an essential element of
the crime, is admissible." This is a very clear discussion by *Judge Ashe*
as to the instances in which such evidence is competent to show the
*quo animo,* intent, design, guilty knowledge, and *scienter.* That case
has been cited in many cases with approval, among them the following:

In *S. v. Parish,* 104 N. C., 692: "The rule is that testimony as to
other similar offenses may be admissible as evidence to establish a par-
ticular charge where the intent is the essence of the offense, and such
testimony tends to show the intent or guilty knowledge, *S. v. Murphy,*
84 N. C., 742." In *S. v. Weaver, ib.,* 761, it is said: "This Court has
gone further, and allowed evidence of a different offense of the same
character and not connected with that charged in the indictment, in order
to show guilty knowledge where the intent is of the essence of that
charge," citing the above cases. In *S. v. Walton,* 114 N. C., 783, *McRae,
J.,* says: "In the trial of an indictment for obtaining money under
false pretense it is competent, in order to show the *scienter* and intent,
to prove other similar transactions by the defendant."

In *S. v. Graham,* 121 N. C., 623, it is held that when the evidence
tends to prove guilty knowledge of the defendant, the *quo animo,* the in-
tent or design, evidence of other acts of the defendant are competent, as,

for instance, passing counterfeit money of like kind; sending a threatening letter, and the like. In the latter case it is said: "Prior and subsequent letters to the same purpose are competent in order to show the intent and meaning of the particular letter in question." In *S. v. Adams,* 138 N. C., 693, *Walker, J.,* says: "True it is that evidence as to one offense is not admissible against a defendant to prove that he is also guilty of another and distinct crime, the two having no relation to or connection with each other. But there are well defined exceptions to this rule. Proof of another offense is competent to show identity, intent, or *scienter,* and for other purposes," citing *S. v. Murphy, supra.* The same is stated by *Connor, J.,* in *Johnson v. R. R.,* 140 N. C., 586.

In *S. v. Leak,* 156 N. C., 646, *Allen, J.,* says: "It was competent for the State to prove that the defendant placed his hands on the prosecutrix at another time on the day of the assault, as evidence of another assault of which the defendant could have been convicted under the indictment, and as tending to prove the *animus* and intent of the defendant," citing *S. v. Murphy, S. v. Parish,* and *S. v. Adams, supra.* In the very late case, *Gray v. Cartwright,* 174 N. C., 49, *Walker, J.,* held: "In an action to recover damages for malicious prosecution of a criminal action for the larceny of a cow, evidence is competent to show that the defendant in the criminal action, and the plaintiff in the civil one, had taken, at other times, cattle to his premises, under similar circumstances, when relevant to his criminal intent in the matter under consideration in the present action." *S. v. Murphy,* 84 N. C., 742; *S. v. Walton,* 114 N. C., 783, being cited and approved.

In *S. v. Bush,* 177 N. C., 551, the Court, speaking of the illicit sale of whiskey or possession of it for purposes of sale, said that like the crime of larceny, it is "generally done furtively, and direct evidence is not easily had. It is usually an inference to be drawn by the jury from a combination of circumstances." The evidence in this case of the denial by the defendant of possession, his attempt to shoot the officer, and his being found later making a still are all competent in support of the presumption, raised by his possession of liquor, that he had the liquor in his possession for the illicit purpose of sale.

If a person had liquor in his possession for the purposes of sale he is guilty whether he makes a sale or not. *S. v. Davis,* 168 N. C., 144.

No error.