## STATE v. THEO BELL.

### (Filed 14 January, 1959.)

**1. Criminal Law § 78—**

Where defendant's wife testifies in his behalf, she is subject to be cross-examined to the same extent as if unrelated to him. G.S. 8-57.

**2. Criminal Law § 84—**

A witness for defendant may be cross-examined as to unrelated criminal offenses committed by her for the purpose of impeaching her credibility.

**3. Criminal Law § 80—**

Even when defendant puts his character in evidence, the State may not, by cross-examination or otherwise, show his bad character by evidence that defendant had committed an unrelated, separate and distinct criminal offense, and certainly may not do so when defendant does not put his character in evidence.

**4. Criminal Law § 34: Intoxicating Liquor § 12—**

Where defendant is charged with possession of nontaxpaid whiskey and with possession for the purpose of sale, evidence that defendant had nontaxpaid whiskey in his possession on a date some nine months after the offense for which defendant was being tried is irrelevant and incompetent, nor is such evidence admissible to prove *quo animo*, since mere proof of unlawful possession at one time is not relevant to whether his possession at another time was for the purpose of sale, notwithstanding that his possession on such other occasion would constitute *prima facie* evidence in a separate criminal prosecution that the possession was for the purpose of sale.

APPEAL by defendant from *Sharp, Special Judge,* August Term, 1958, of HARNETT.

Criminal prosecution, tried *de novo* on defendant's appeal from Recorder's Court of Dunn on original warrant charging that defendant on November 20, 1957, unlawfully (1) had in his possession a quantity of nontaxpaid whiskey, and (2) had it in his possession for the purpose of sale, wherein the jury returned a verdict of "Guilty on both counts."

On the verdict, as related to each count, the court pronounced a separate judgment imposing a prison sentence of 18 months, the two sentences to run concurrently.

Defendant excepted and appealed, assigning as error the admission, over his objection, of testimony elicited by the solicitor in his cross-examination of defendant's wife.

*Attorney General Seawell and Assistant Attorney General McGalliard, for the State.*
*Young & Taylor for defendant, appellant.*

BOBBITT, J.   Evidence offered by the State tended to show: On the night of November 20, 1957, police officers of Dunn went to defendant's home. A search warrant was served on Edna Bell, defendant's wife. Upon search, they found eight half-gallon jars of nontaxpaid whiskey. Ten or twelve unidentified persons (men and women) were in the house with Edna Bell. The officers did not know any of them or whether any lived there. Defendant was not at home when the search was made. The officers arrested Edna Bell. Some ten or fifteen minutes after her arrival at the police station, defendant voluntarily came to the police station and said, "It's my whiskey" and "it wasn't hers."

Defendant did not testify. The only witness offered by defendant was Edna Bell, his wife.

Edna Bell testified that she "was going to have a party"; that she had bought the whiskey; that her father had given her the $12.00 she used for that purpose; that defendant had no knowledge of what she had done; and that defendant was at work, not at home, when the whiskey was brought in. On cross-examination, she testified that she had pleaded guilty in the Recorder's Court of Dunn to "having this whiskey," but later gave notice of appeal. (The record is silent as to the judgment of the Recorder's Court in Edna Bell's case and as to disposition of her case in the superior court.)

The further cross-examination of Edna Bell includes the following:

"Q. Did you say this was the first whiskey that ever went to your house? A. Yes. Q. Have you had any there since, nontaxpaid whiskey? (Objection; overruled; Exception No. 1) A. I haven't had any. Q. You haven't? A. No. Q. But your husband has, hasn't he? (Objection; overruled; Exception No. 2) A. That was his. I don't know how much whiskey they found in my house two weeks ago, because what they found was his. It wasn't mine."

While the record does not show the date of trial, the trial term began August 25, 1958. Defendant was on trial for an offense alleged to have been committed on November 20, 1957.

If the defendant, as testified by his wife, had nontaxpaid whiskey in his possession in August, 1958, he was then guilty of a separate criminal offense, to wit, a violation of G.S. 18-48. *S. v. Cofield,* 247 N.C. 185, 189, 100 S.E. 2d 355, and cases cited.

G.S. 8-57, in pertinent part, provides: "The husband or wife of the defendant, in all criminal actions or proceedings, shall be a com-

petent witness for the defendant, . . . Every such person examined as a witness shall be subject to be cross-examined as are other witnesses." When Edna Bell was examined as a witness for defendant, she was subject to be cross-examined to the same extent as if unrelated to him. *S. v. Tola,* 222 N.C. 406, 23 S.E. 2d 321, and cases cited. (Note: Ch. 1036, Session Laws of 1957, does not affect the quoted portions of G.S. 8-57, but rewrites *only* the *fourth sentence* thereof.)

If based on information and asked in good faith, (compare *S. v. Phillips,* 240 N.C. 516, 82 S.E. 2d 762), it was permissible for the solicitor to ask Edna Bell concerning *her* unrelated criminal offenses for the purpose of impeaching her credibility. *S. v. Neal,* 222 N.C. 546, 23 S.E. 2d 911; *S. v. Conner,* 244 N.C. 109, 92 S.E. 2d 668. "The primary purpose of impeachment is to reduce or discount the credibility of a witness for the purpose of inducing the jury to give less weight to his testimony in arriving at the ultimate facts in the case." *S. v. Nelson,* 200 N.C. 69, 156 S.E. 154. Assignment of error based on Exception No. 1 is untenable. The question was permissible. Moreover, the answer was in the negative.

Assignment of error based on Exception No. 2 presents a different question. Criminal conduct of defendant in August, 1958, some nine months after the alleged criminal offense for which defendant was being tried, had no relation to the credibility of Edna Bell. The probative force of this testimony was to show that defendant in August, 1958, had committed an unrelated, separate and distinct, criminal offense.

Edna Bell did not testify to defendant's good character. When a defendant avails himself of his right to offer evidence of his good character, "the State can introduce evidence of bad character, but cannot, by cross-examination or otherwise, offer evidence as to particular acts of misconduct." *S. v. Holly,* 155 N.C. 485, 71 S.E. 450; *S. v. Adams,* 193 N.C. 581, 137 S.E. 657; *S. v. Phillips, supra,* (527). *A fortiori,* when, as here, a defendant does not put his character in issue, the State cannot, "by cross-examination or otherwise," offer evidence to show that defendant committed an unrelated, separate and distinct, criminal offense.

"The general rule is that in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense." *S. v. McClain,* 240 N.C. 171, 81 S.E. 2d 364, where *Ervin, J.,* citing prior cases, discusses fully the general rule and the exceptions. Nothing in this record suffices to take this case out of the general rule.

This criminal prosecution is based on a warrant issued November 21, 1957. Certainly, *S. v. Colson,* 222 N.C. 28, 21 S.E. 2d 808, cited

by the State, does not support the view that defendant could be convicted on this warrant for what occurred in August, 1958.

The crucial issue was whether the nontaxpaid whiskey found on November 20, 1957, was in possession of defendant or in possession of Edna Bell. The fact that defendant had nontaxpaid whiskey in his possession in August, 1958, was not relevant to this issue.

Even so, the State contends that testimony as to what occurred in August, 1958, was admissible to prove *quo animo*, that is, that defendant had possession of nontaxpaid whiskey on November 20, 1957, *for the purpose of sale*. In support of this contention, the State cites *S. v. Simons*, 178 N.C. 679, 100 S.E. 239; *S. v. Crouse*, 182 N.C. 835, 108 S.E. 911; *S. v. Colson, supra*, where, in criminal prosecutions for possession of whiskey for the purpose of sale, evidence tending to show that the defendant either had sold whiskey on other occasions or was involved on other occasions in the construction or operation of a still for the manufacture thereof, was held admissible.

Here, if defendant had nontaxpaid whiskey in his possession in August, 1958, there is no evidence that he either sold it or that his possession was for the purpose of sale. Under G.S.18-11, proof of defendant's unlawful possession of nontaxpaid whiskey in August, 1958, would constitute *prima facie* evidence in a separate criminal prosecution based on the transaction of August, 1958, that his possession was for the purpose of sale; but proof of unlawful possession of nontaxpaid liquor in August, 1958, standing alone, while a criminal offense, is not relevant to whether his possession, if any, on November 20, 1957, was for the purpose of sale.

Our conclusion is that, since the only probative force of the testimony that defendant in August, 1958, unlawfully had nontaxpaid whiskey in his possession, was to show that he then committed a separate criminal offense, its admission, over defendant's objection, was erroneous and prejudicial.

It is noted that the basis of decision is that the testimony was inadmissible, independent of the circumstance that it was given by defendant's wife.

New trial.