STATE OF NORTH CAROLINA v. JOHN FRANKLIN THOMAS, JR.

No. 7716SC747

(Filed 7 February 1978)

1. **Criminal Law § 73.2— information heard by witness on radio—no hearsay testimony**

   In a prosecution for armed robbery and assault with a deadly weapon, the trial court did not err in allowing a witness to testify that she heard on her police scanner radio that the grocery store in question had been robbed, since the testimony was not offered to prove that the store was robbed but was offered instead to explain why the witness remembered having seen a man at the grocery store; moreover, there was ample, uncontradicted evidence to show that the grocery store was robbed, and defendant never contended to the contrary.

2. **Criminal Law § 66.18— in-court identification of defendant—failure to hold voir dire—no error**

   Failure of the trial court to conduct a hearing in the absence of the jury, find facts, and thereupon determine the admissibility of the victim's in-court identification testimony was harmless since there was no suggestion that the witness's in-court identification might have been tainted by any pre-trial identification procedures made under constitutionally impermissible circumstances, and there was clear and convincing evidence that the witness's in-court identification of defendant originated with and was based on his observations of defendant at the crime scene.

3. **Criminal Law § 88.4— attempt to obtain false testimony—cross-examination of defendant proper**

   The questions asked defendant by the district attorney by which the district attorney attempted to show an attempt by defendant to induce a witness to testify falsely in his favor were properly allowed by the trial court.

APPEAL by defendant from *Canaday, Judge.* Judgments entered 11 November 1976 in Superior Court, ROBESON County. Heard in the Court of Appeals 17 January 1978.

Defendant was tried on his plea of not guilty to indictments charging him with armed robbery and assault with a deadly weapon with intent to kill inflicting serious injuries. The jury found defendant guilty as charged. From judgments imposing prison sentences, defendant appeals.

*Attorney General Edmisten by Associate Attorney George W. Lennon for the State.*

*L. J. Britt and Son by Bruce W. Huggins for defendant appellant.*

PARKER, Judge.

[1]   The crimes for which defendant was tried occurred in the early afternoon of 6 August 1976 at the Center Grocery, operated by Henry Prevatte. Pearl Kinlaw Stanley, testifying for the State, stated that she was driving home on 6 August and drove past Mr. Prevatte's grocery store on the way. She noticed a dark red car beside the store, and a black man was standing to the right of the car, wiping the hood. She attached no particular significance to these observations until she arrived at her home and heard on her police scanner radio that the grocery store had been robbed.

Defendant unsuccessfully objected to Pearl Kinlaw Stanley's testimony regarding what she heard on the police scanner radio, and for his first assignment of error he now contends that his objection should have been sustained because the testimony was hearsay. "Hearsay evidence consists of the offering into evidence of a statement, oral or written, made by a person other than the witness for the purpose of establishing the truth of the matter so stated." *Wilson v. Indemnity Co.*, 272 N.C. 183, 188, 158 S.E. 2d 1, 5 (1967). The testimony regarding what was heard on the police scanner radio was not offered for the purpose of establishing the truth of the matter stated, i.e., that the grocery store had been robbed. Instead, the facts sought to be established were that the statement was made and that the witness heard the statement, thereby explaining why she remembered seeing the man at the grocery store. Hence, the testimony was not hearsay. Moreover, the admission of the statement that the grocery store had been robbed could not have been prejudicial to defendant. There was ample, uncontradicted evidence to show that Mr. Prevatte's grocery store was robbed that afternoon, and defendant never contended to the contrary; his defense was an alibi. Consequently, defendant's first assignment of error is overruled.

[2]   Defendant's second assignment of error is "[t]hat the Court erred in allowing testimony by Henry Prevatte identifying the defendant, without first properly allowing defendant's counsel an opportunity to examine the witness as to the basis of his identification." Henry Prevatte testified for the State that defendant was the person who robbed his store and assaulted him. Citing *State v. Tuggle*, 284 N.C. 515, 201 S.E. 2d 884 (1974), *State v. McVay*, 277 N.C. 410, 177 S.E. 2d 874 (1970), and *State v. Collins*, 22 N.C. App. 590, 207 S.E. 2d 278 (1974), defendant contends that

the trial court should have conducted a voir dire hearing to determine the admissibility of Mr. Prevatte's testimony identifying him as the robber. The cases cited by defendant, however, require the trial judge to conduct a voir dire hearing only when the admissibility of in-court identification testimony is challenged on the ground that it is tainted by constitutionally impermissible out-of-court identification procedures. Defendant made no such challenge in this case. He made only a general objection to Mr. Prevatte's in-court identification testimony, and at no point in the trial did he request a voir dire examination.

We recognize that, even upon a general objection only, the better procedure is for the trial judge to conduct a hearing in the absence of the jury, find facts, and thereupon determine the admissibility of in-court identification testimony. "Failure to conduct the voir dire, however, does not necessarily render such evidence incompetent." *State v. Stepney*, 280 N.C. 306, 314, 185 S.E. 2d 844, 850 (1972). In the present case there is nothing which even suggests that Mr. Prevatte's in-court identification testimony might have been tainted by any pre-trial identification procedures made under constitutionally impermissible circumstances. There was no pre-trial identification by use of photographs, and the only time Mr. Prevatte saw and identified defendant after the robbery and prior to trial was at the preliminary hearing. Viewing of a defendant at a preliminary hearing by a witness who is offered to testify to the identification of defendant is not, of itself, such a confrontation as will taint the witness's in-court identification unless other circumstances are shown which are so unnecessarily suggestive and conducive to irreparable mistaken identification as would deprive the defendant of due process. *State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976). No such circumstances were shown in the present case. Moreover, there was clear and convincing evidence that Mr. Prevatte's in-court identification of the defendant originated with and was based on his observations of the defendant at the time of the crimes and upon his acquaintance with the defendant prior to that time. He testified that defendant "had worked in that area putting in tobacco, and had come in and out of the store," and that he "knew his [defendant's] name before that day, but [he] couldn't remember it that day." All of the evidence shows that the assault and robbery occurred in daylight and that Mr. Prevatte had ample opportunity to observe the man

who assailed and robbed him. Under these circumstances the failure of the trial court to conduct a voir dire hearing and to find facts was clearly harmless. *See State v. Stepney, supra; State v. Sharratt*, 29 N.C. App. 199 223 S.E. 2d 906 (1976). Defendant's second assignment of error is overruled.

[3]   The only remaining assignment of error brought forward in defendant's brief on this appeal is directed to the following exchange between the district attorney and defendant on cross-examination:

> Q. You went out to Ray Moore to try to get him to come in here to swear to an alibi that he and his whole family were with you at 2:00 o'clock on the 6th day of August, 1976, didn't you?

> A. No, did not.

> Q. You subpoenaed them up here for it and the man had to go to the lawyer and tell him, "Look I weren't with that fellow on Friday at 2:00 o'clock," didn't he?

> MR. HUGGINS: Object

> WITNESS: I did not know anything about it.

> COURT: Overruled.

Defendant contends that the questions asked by the district attorney were improper. We do not agree.

"It is permissible for the prosecutor to draw the jury's attention to the failure of the defendant to produce exculpatory testimony from witnesses available to defendant." *State v. Thompson*, 293 N.C. 713, 717, 239 S.E. 2d 465, 469 (1977). It is true, of course, that the district attorney may not place before the jury, by insinuating questions or otherwise, incompetent and prejudicial matters not legally admissible in evidence, *State v. Phillips*, 240 N.C. 516, 82 S.E. 2d 762 (1954), and he may not place before the jury incompetent and prejudicial matters by injecting his own knowledge, beliefs, and personal opinions not supported by the evidence. *State v. Britt*, 288 N.C. 699, 220 S.E. 2d 283 (1975). However, we conlcude that the district attorney's questions in this case violated none of the above rules and were within the range of permissible cross-examination. When a criminal defendant testifies, his credibility may be challenged by

evidence of bad character, and when cross-examining the person whose character is in issue, it is proper to ask about specific acts of misconduct. Stansbury's North Carolina Evidence (Brandis Rev.) §§ 108, 111. A broad range of misconduct is subject to such inquiry. In this case, the district attorney sought to show an attempt by defendant to induce a witness to testify falsely in his favor. Such conduct by a defendant may be shown against him. *State v. Minton*, 234 N.C. 716, 68 S.E. 2d 844 (1952). The scope of cross-examination regarding such misconduct may be limited in the discretion of the trial judge, and such questions must be asked in good faith based on information acquired by the district attorney. *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971); *State v. Bell*, 249 N.C. 379, 106 S.E. 2d 495 (1959). Defendant does not contend that the questions were asked in bad faith or that the trial judge permitted the questioning to get out of hand. The questions were not phrased in the suggestive manner condemned in *State v. Phillips, supra*. Consequently, this assignment of error is overruled.

Defendant cited no authority and presented no argument in his brief in support of his remaining assignments of error. These are deemed abandoned. Rule 28 (a), N.C. Rules of Appellate Procedure.

Defendant received a fair trial free from prejudicial error.

No error.

Judges VAUGHN and ERWIN concur.